

*Jeffrey M. Nye, Esq.*
*Email: jmn@sspfirm.com*
*Phone: (513) 533-6714*
*Fax: (513) 533-6711*

February 22, 2019

**VIA ELECTRONIC MAIL**
Benjamin A. Sales, Esq.
*benjamin.a.sales@usdoj.gov*

**Re: Subpoena to Rafterhaus Construction in case no. 18-ap-12585**

Dear Benjamin:

The purpose of this letter is to lodge objections to the February 8, 2019, subpoena to Rafterhaus Construction LLC in case 18-ap-12585.

As you know Bankruptcy Rule 2004(c) provides that "the attendance of an entity for examination and for the production of documents . . . may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial." Rule 9016 is simply a complete incorporation of Rule 45 of the Federal Rules of Civil Procedure. By the plain text of these rules a non-party who receives a subpoena requiring attendance for an examination or for the production of documents is entitled to all the protections of Rule 45. Indeed, the subpoena that you served on Rafterhaus expressly says so, at the bottom of the second page.

Neither the Court's January 29 order nor the case you cited in your February 8 email (*In re Deshetler*) says anything different. The order cannot require compliance with the subpoena because the subpoena did not exist at the time of the order; all the order did or could have done was authorize you to seek the discovery. As to *In re Deshetler*, while you correctly cited its statement that the scope of *examination* authority is broad, you stopped your quote before the relevant part. The two paragraphs immediately after your quote go on to confirm that the scope of 2004 examinations "is not limitless," that in particular it cannot "be so broad as to be more

Attorneys licensed in Ohio, Kentucky, Indiana, Michigan and Florida | SSPFIRM.COM | 513.533.2700 / MAIN OFFICE
HYDE PARK SQUARE OFFICE / 2623 ERIE AVE, CINCINNATI, OH 45208 | ANDERSON TOWNSHIP OFFICE / 7373 BEECHMONT AVE, CINCINNATI, OH 45230

UST 16

Benjamin A. Sales, Esq.
Objections to subpoena to Rafterhaus
February 22, 2019
Page 2 of 3

disruptive and costly to the party sought to be examined than beneficial to the party seeking discovery," and even that the party from which discovery is sought has a right to object. And in any case, *In re Deshetler* just discusses the *permissibility of examination*, which Rafterhaus has not contested. Nothing in the case holds, or even discusses as a possibility, that Rule 45's protections with respect to *production of documents* do not apply in bankruptcy courts.

In fact, the opposite is true. *In re Deshetler* favorably cites *In re Michalski*, in which the court issued an order allowing a 2004 exam, the US Trustee issued a subpoena duces tecum, the recipient objected, and the court then ruled on the objections. That is the proper procedure in this situation and it is still unclear to us why you have not followed it. Rafterhaus is entitled to all the protections of Rule 45.

Those protections include both affirmative obligations imposed on the party or attorney serving a subpoena and safeguards favoring the subpoena recipient. For example, a party or attorney serving a subpoena "*shall* take all reasonable steps to avoid imposing undue burden or expense on" the subpoena recipient. *See* Rule 45(c)(1). And "a person commanded to produce and permit inspection and copying"—i.e., Rafterhaus—has the right to "serve . . . written objection to inspection or copying of any or all of the designated materials" within fourteen days of receipt of the subpoena. *See* Rule 45(c)(2)(B).

This letter constitutes the exercise of the right to object to the subpoena. The bases for the objection are that the subpoena requires disclosure of privileged or other protected matte and that compliance with the subpoena is unduly burdensome and inappropriately invasive to Rafterhaus. As you know, Rafterhaus is not the debtor and is not a party to this case. You have already heard the debtor testify in the 341 meeting and her own 2004 exam that she had and has no equity stake in Rafterhaus. The fact that she at one time handled some paperwork or bookkeeping for Rafterhaus does not make Rafterhaus's private business affairs relevant to the debtor's bankruptcy. The documents sought are also protected by at least a qualified privilege under both Ohio and federal law. *See, e.g., State ex rel. Fisher v. Cleveland*, Ohio App. 8th Dist., 2004-Ohio-4345, ¶8; *Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 216 (W.D. Va. 1997). Even if Rafterhaus had all these documents in its possession, it would not be appropriate to request or produce them. The request is doubly objectionable due to the effort to which Rafterhaus would have to go to locate and produce the documents.

With these objections having been served, under Rule 45(c)(2)(B) you "shall not be entitled to inspect and copy the materials . . . except pursuant to an order of the court." You are permitted to move for such an order only after "objection has been made" and "upon notice to

the person commanded to produce," though Rule 45(c)(3) goes on to provide that the court "shall quash or modify" any subpoena that (like this one) requires the disclosure of privileged or protected material or that subjects the recipient to undue burden.

We would suggest that it would be in everyone's best interest for you to issue a revised subpoena rather than for the parties to bring this matter back before the Court, and if you do so we will promptly address it with Rafterhaus.

Please feel free to contact me or Paul with any questions you may have.

        Sincerely,

        STAGNARO, SABA
        & PATTERSON CO., L.P.A.

        Jeffrey M. Nye

cc: Paul T. Saba, Esq.