| | |
|---|---|
| **From:** | Sales, Benjamin A. (USTP) |
| **To:** | Paul T. Saba, Esq. |
| **Cc:** | Wilsbacher, MaryAnne (USTP); jmn@sspfirm.com |
| **Subject:** | RE: Motion to Compel Records Custodian for Ratherhaus |
| **Date:** | Wednesday, February 27, 2019 11:31:00 AM |
| **Attachments:** | image003.png |

Paul,

    Thank you for providing a copy of your objections to the U.S. Trustee's document subpoena. Based on your letter, Rafterhaus appears to be making a blanket objection to all of the U.S. Trustee's document requests because, as you assert, "the subpoena requires disclosure of privileged or other protected matters and that compliance with the subpoena is unduly burdensome and inappropriately invasive to Rafterhaus." If Rafterhaus believes that all of the U.S. Trustee's requests are objectionable, I do not know what changes you expect from an amended subpoena.

    Additionally, the U.S. Trustee takes issue with your assertion that "the request is doubly objectionable due to the effort to which Rafterhaus would have to go to locate and produce the documents." To the contrary, it should not be difficult to produce and locate the basic documentation requested given that Rafterhaus was formed less than two years ago. Therefore, we do not intend to amend the subpoena.

    The two cases you cite (*State ex rel. Fisher v. Cleveland* and *Terwilliger v. York Int'l Corp*) are both limited to the discoverability of tax returns. The Ohio Southern District Court has stated on multiple occasions that tax returns are not privileged from disclosure in the Sixth Circuit. *Williamson v. Recovery Ltd. P'ship*, No. 2:06-cv-292, 2016 U.S. Dist. LEXIS 125640, at *12 (S.D. Ohio Sep. 15, 2016); *Bricker v. R & A Pizza, Inc.*, 2011 U.S. Dist. LEXIS 55324, 2011 WL 1990558, *2 (S.D. Ohio May 23, 2011). Furthermore, neither the Sixth Circuit nor the S.D. of Ohio have adopted the two-part test discussed in *Terwilliger*. Even if the test was endorsed by the Court, the U.S. Trustee has already established that the returns are relevant to the investigation into the debtor's financial situation, and a compelling need exists because the information is not obtainable from other sources. The U.S. Trustee does not, as you claim, have all of the debtor's financial records for the last few years. In fact, much of what the U.S. Trustee has requested from the Debtor has not been provided.

    Please let me know if there is a day and time that we could meet by phone or in-person to attempt to resolve this discovery dispute within the next 7 calendar days. I agree that it would be best for us to try to resolve the dispute before bringing the matter back before the Court.

Sincerely,

**Benjamin A. Sales, Esq.**
Trial Attorney, Cincinnati
United States Department of Justice
Office of the United States Trustee
36 E. Seventh Street, Suite 2030
Cincinnati, Ohio 45202
(513) 684-6988 x 223